**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**EDWARD M. LYMAN, ESQ. (SBN 248264)**
Email: elyman@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BILS, individually and as Successor in Interest to NICHOLAS BILS, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal entity, DEPUTY AARON RUSSELL, an individual, and DOES 1 through 10, inclusive,<br><br>        Defendants. | **CASE NO.:** '20CV2069 H BGS<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.   **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br>2.   **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Substantive Due Process Violations)**<br>3.   **Violations of the Americans With Disabilities Act (42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7))**<br>4.   **Wrongful Death (Based on Battery)**<br>5.   **Wrongful Death (Based on Negligence)**<br>6.   **Violations of Civil Rights (Cal. Civ. Code §52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.      Venue is proper in the Southern District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3.      Plaintiff HENRY BILS (hereinafter referred to as "Plaintiff") is, and at all relevant times herein was, a resident of the County of Curry and State of Oregon. Plaintiff HENRY BILS is the surviving biological father of decedent NICHOLAS BILS. Plaintiff HENRY BILS is the Successor in Interest to decedent NICHOLAS BILS, and is entitled to bring certain causes of action herein by and through the authority of Section 377.30 of the California Code of Civil Procedure. At all times relevant to the acts and omissions herein alleged, NICHOLAS BILS was a disabled individual, suffering from a mental illness and/or mental disability.

4.      Defendant COUNTY OF SAN DIEGO (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5.      Plaintiff is informed, believes, and thereon alleges that Defendant DEPUTY AARON RUSSELL (hereinafter sometimes referred to as "DEPUTY RUSSELL") is, and at all relevant times mentioned herein was, a resident of the County of San Diego and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DEPUTY RUSSELL was a sheriff's deputy employed by the Defendant COUNTY and the San Diego County Sheriff's Department, and was acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the San Diego County Sheriff's Department.

6.      On or around September 2, 2020, a timely Claim for Damages was submitted to the County of San Diego, in substantial compliance with California

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

2

1  Government Code § 910, et seq.

2      7.      Plaintiff is unaware of the true names and capacities of those Defendants

3  named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said

4  Defendants' true names and capacities when that information becomes known to him.

5  Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally

6  responsible and liable for the incident, injuries, and damages hereinafter set forth, and

7  that each of said Defendants proximately caused the injuries and damages by reason of

8  negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct,

9  including the negligent, careless, deliberately indifferent, intentional, willful, or wanton

10  misconduct in creating and otherwise causing the incidents, conditions, and

11  circumstances hereinafter set forth, or by reason of direct or imputed negligence or

12  vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will

13  seek leave to amend this Complaint to set forth said true names and identities of the

14  unknown named DOE Defendants when they are ascertained.

15      8.      Each of the individual Defendants sued herein is sued both in his individual

16  and personal capacity, as well as in his official capacity.

17      9.      Plaintiff is informed, believes, and thereon alleges that at all times herein

18  mentioned, each of the defendants was the agent and/or employee and/or co-conspirator

19  of each of the remaining defendants, and in doing the things hereinafter alleged, was

20  acting within the scope of such agency, employment, and/or conspiracy and with the

21  permission and consent of other co-defendants.

22          **FACTS COMMON TO ALL COUNTS**

23      10.      This Complaint concerns the deputy-involved shooting of 36 year old

24  NICHOLAS BILS, which occurred during the late afternoon hours of Friday, May 1,

25  2020, at or around the premises of the San Diego County Jail, located at 1173 Front

26  Street, in the City and County of San Diego and  State of California. Plaintiff is

27  informed, believes, and thereupon alleges that on the afternoon of May 1, 2020,

28  Defendant DEPUTY RUSSELL, while acting under color of law and in the course and

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

3

scope of his employment with the Defendant COUNTY and the San Diego County Sheriff's Department, unjustifiably stopped and detained decedent NICHOLAS BILS without having probable cause or reasonable suspicion to believe that NICHOLAS BILS had committed a crime, or would commit a crime in the future.

11.   Thereafter, without warning, DEPUTY RUSSELL proceeded to assault and batter Plaintiff's decedent, NICHOLAS BILS, by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department-issued firearm at the person of NICHOLAS BILS, inflicting multiple gunshot wounds, which proved to be fatal. After a significant and appreciable period of time had passed following the shooting, NICHOLAS BILS died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant DEPUTY RUSSELL.

12.   Both prior to and during the time in which he was shot, NICHOLAS BILS was not carrying any kind of weapon on his person, and posed no reasonable or credible threat of violence to Defendant DEPUTY RUSSELL, nor to any other individual. Both prior to and during the time in which he was shot, NICHOLAS BILS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTY RUSSELL shot NICHOLAS BILS, DEPUTY RUSSELL, who fired, was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed the risk of death or serious bodily injury to any person.

**FOR THE FIRST CAUSE OF ACTION**

**(By Plaintiff HENRY BILS, as Successor in Interest to Nicholas Bils, Deceased,**

**Against Defendant DEPUTY AARON RUSSELL**

**for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

13.   Plaintiff restates and incorporates by reference the foregoing paragraphs of

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  this Complaint as if set forth in full at this point.

2       14.    This cause of action is brought on behalf of NICHOLAS BILS, and is set

3  forth herein to redress the deprivation, under color of statute, ordinance, regulation,

4  policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to

5  NICHOLAS BILS by the Fourth Amendment to the Constitution of the United States,

6  including, but not limited to, the right to be free from unreasonable governmental

7  seizures of his person.

8       15.    Plaintiff is informed, believes, and thereupon alleges, that at all times

9  mentioned herein, the Defendant COUNTY employed the individual Defendants named

10  herein, including Defendant DEPUTY RUSSELL. The COUNTY provided its individual

11  Defendant employees and agents, including Defendant DEPUTY RUSSELL, with

12  official badges and identification cards which designated and described the bearers as

13  employees of the COUNTY and the San Diego County Sheriff's Department.

14       16.    Plaintiff is informed, believes, and thereon alleges, that at all times relevant

15  to the acts and omissions herein alleged, Defendant DEPUTY RUSSELL was employed

16  by the Defendant COUNTY and the San Diego County Sheriff's Department, and was

17  acting under color of law and in the course and scope of his employment with the

18  COUNTY and the San Diego County Sheriff's Department.

19       17.    During the afternoon hours on May 1, 2020, Plaintiff's decedent,

20  NICHOLAS BILS, was present at or around the premises of the San Diego County Jail,

21  located at 1173 Front Street in the City and County of San Diego and  State of

22  California. Plaintiff is informed, believe, and thereupon alleges that on the afternoon of

23  May 1, 2020, Defendant DEPUTY RUSSELL, while acting under color of law and in the

24  course and scope of his employment with the Defendant COUNTY and the San Diego

25  County Sheriff's Department, unjustifiably stopped and detained NICHOLAS BILS

26  without having probable cause or reasonable suspicion to believe that NICHOLAS BILS

27  had committed a crime, or would commit a crime in the future.

28       18.    Without warning, Defendant DEPUTY RUSSELL proceeded to assault and

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

5

batter NICHOLAS BILS, by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department-issued firearm at the person of NICHOLAS BILS, inflicting multiple gunshot wounds, which proved to be fatal. At no time during the course of these events did NICHOLAS BILS pose any reasonable or credible threat of violence to Defendant DEPUTY RUSSELL, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

19.    Both prior to and during the time in which he was shot, NICHOLAS BILS was not carrying any kind of weapon on his person, and posed no reasonable or credible threat of violence to Defendant DEPUTY RUSSELL, nor to any other individual. Both prior to and during the time in which he was shot, NICHOLAS BILS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTY RUSSELL shot NICHOLAS BILS, DEPUTY RUSSELL, who fired, was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that NICHOLAS BILS posed the risk of death or serious bodily injury to any person.

20.    At all times mentioned herein, Defendant DEPUTY RUSSELL acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. Defendant DEPUTY RUSSELL deprived Plaintiff of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

21.    Decedent NICHOLAS BILS had the right to be free from unreasonable governmental seizures of his person, a right which was secured to NICHOLAS BILS by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  Defendant DEPUTY RUSSELL, which proximately caused the death of NICHOLAS

2  BILS.

3      22.    Plaintiff is informed, believes, and thereupon alleges, that in unreasonably

4  seizing the person of decedent NICHOLAS BILS, as described in the foregoing

5  paragraphs of this Complaint, Defendant DEPUTY RUSSELL acted outside the scope of

6  his jurisdiction and without authorization of law, and acted willfully, maliciously,

7  knowingly, with reckless disregard and callous indifference to the known consequences

8  of his acts and omissions, and purposefully with the intent to deprive NICHOLAS BILS

9  of his federally protected rights and privileges, and did in fact violate the aforementioned

10  rights and privileges, thereby warranting punitive and exemplary damages against

11  DEPUTY RUSSELL in an amount to be proven at the trial of this matter.

12      23.    As a direct and proximate result of the wrongful, intentional, and malicious

13  acts and omissions of Defendant DEPUTY RUSSELL, decedent NICHOLAS BILS was

14  shot and killed on May 1, 2020, and, suffered great mental and physical pain, suffering,

15  anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity,

16  embarrassment, and apprehension prior to his death, all to his damage in a sum to be

17  determined at trial.

18      24.    As a further proximate result of the wrongful, intentional, and malicious

19  acts and omissions of Defendant DEPUTY RUSSELL, NICHOLAS BILS was required

20  to employ physicians and surgeons to examine, treat, and care for him, and has incurred

21  and continues to incur expenses for emergent and other medical services, treatment and

22  care in an amount according to proof at trial.

23      25.    Plaintiff is entitled to and hereby demands costs, attorneys' fees, and

24  expenses pursuant to 42 U.S.C. § 1988.

25      **<u>FOR THE SECOND CAUSE OF ACTION</u>**

26      **(By Plaintiff HENRY BILS Against All Defendants for**

27      **Violations of Civil Rights [42 U.S.C. § 1983])**

28      **(Substantive Due Process)**

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

26.     Plaintiff HENRY BILS restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

27.     This cause of action is brought by Plaintiff HENRY BILS, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with his birth son, decedent NICHOLAS BILS, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of his son, NICHOLAS BILS, and Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into his family unit.

28.     Plaintiff HENRY BILS is informed, believes, and thereon alleges that at all times mentioned herein, the Defendant COUNTY employed the individual Defendants named herein, including the heretofore unknown Defendant DOE Officers. The Defendant COUNTY provided its individual Defendant employees and agents, including the Defendant DOE Officers, with official badges and identification cards which designated and described the bearers as employees of the Defendant COUNTY and the San Diego County Sheriff's Department.

29.     At all times relevant to the acts and omissions herein alleged, the Defendant Deputies were employed by the Defendant COUNTY and the San Diego County Sheriff's Department, and were acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Diego County Sheriff's Department.

30.     During the afternoon hours on May 1, 2020, Plaintiff's decedent, NICHOLAS BILS, was located at or around the premises of the San Diego County Jail, located at 1173 Front Street in the City and County of San Diego and  State of California. Plaintiff is informed, believes, and thereupon alleges that on the afternoon of May 1, 2020, Defendant DEPUTY RUSSELL, while acting under color of law and in the

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010.
(323)435-8205

course and scope of his employment with the Defendant COUNTY and the San Diego County Sheriff's Department, unjustifiably stopped and detained NICHOLAS BILS without having probable cause or reasonable suspicion to believe that NICHOLAS BILS had committed a crime, or would commit a crime in the future.

31.    Without warning, Defendant DEPUTY RUSSELL proceeded to assault and batter Plaintiff's decedent, NICHOLAS BILS, by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department-issued firearm at the person of NICHOLAS BILS, inflicting multiple gunshot wounds, which proved to be fatal. At no time during the course of these events did NICHOLAS BILS pose any reasonable or credible threat of violence to Defendant DEPUTY RUSSELL, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

32.    Both prior to and during the time in which he was shot, NICHOLAS BILS was not carrying any kind of weapon on his person, and posed no reasonable or credible threat of violence to Defendant DEPUTY RUSSELL, nor to any other individual. Both prior to and during the time in which he was shot, NICHOLAS BILS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTY RUSSELL shot NICHOLAS BILS, DEPUTY RUSSELL, who fired, was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that NICHOLAS BILS posed the risk of death or serious bodily injury to any person.

33.    At all times relevant to the acts and omissions alleged herein, the Defendant Officer was faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights and safety of decedent NICHOLAS BILS and with a conscious disregard of the risks posed to the safety of NICHOLAS BILS. Additionally, at all times relevant to the acts and omissions alleged herein, the Defendant

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  Officer acted with a purpose to harm unrelated to any legitimate law enforcement

2  objective when he shot NICHOLAS BILS. At all times relevant to the acts and omissions

3  alleged herein, DEPUTY RUSSELL'S actions in shooting NICHOLAS BILS would be

4  considered to "shock the conscience."

5      34.    At all times mentioned herein, the Defendant Officer acted under color and

6  pretense of law, and under color of the statutes, ordinances, regulations, policies,

7  practices, customs, and/or usages of the State of California and the Defendant COUNTY.

8      35.    DEPUTY RUSSELL deprived Plaintiff of the rights, privileges, and/or

9  immunities secured to him by the Fourteenth Amendment to the Constitution of the

10  United States and the laws of the United States, including, but not limited to, Plaintiff's

11  right to substantive due process and privacy, Plaintiff's right to associate with his birth

12  son, Plaintiff's right to enjoy the care, companionship, familial relationship, and society

13  of his son, and Plaintiff's right to be free from arbitrary and unreasonable governmental

14  intrusions into his family unit.

15      36.    Plaintiff HENRY BILS had a Fourteenth Amendment right to substantive

16  due process and privacy, as well as a Fourteenth Amendment right to associate with his

17  son, and a Fourteenth Amendment right to be free from arbitrary and unreasonable

18  governmental intrusions into his family unit. All of these rights and privileges were

19  secured to Plaintiff by the provisions of the Fourteenth Amendment to the United States

20  Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the

21  wrongful conduct of DEPUTY RUSSELL, which proximately caused the death of

22  NICHOLAS BILS.

23      37.    Plaintiff is informed, believes, and thereupon alleges, that in unreasonably

24  seizing the person of decedent NICHOLAS BILS, as described in the foregoing

25  paragraphs of this Complaint, Defendant DEPUTY RUSSELL acted outside the scope of

26  his jurisdiction and without authorization of law, and acted willfully, maliciously,

27  knowingly, with reckless disregard and callous indifference to the known consequences

28  of his acts and omissions, and purposefully with the intent to deprive NICHOLAS BILS

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  of his federally protected rights and privileges, and did in fact violate the aforementioned

2  rights and privileges, thereby warranting punitive and exemplary damages against

3  DEPUTY RUSSELL in an amount to be proven at the trial of this matter.

4       38.    As a direct and proximate result of the wrongful, intentional, and malicious

5  acts and omissions of Defendant DEPUTY RUSSELL, decedent NICHOLAS BILS was

6  shot and killed on May 1, 2020, and suffered great mental and physical pain, suffering,

7  anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity,

8  embarrassment, and apprehension prior to his death, all to his damage in a sum to be

9  determined at trial.

10      39.    As a further proximate result of the wrongful, intentional, and malicious

11  acts and omissions of Defendant DEPUTY RUSSELL, NICHOLAS BILS was required

12  to employ, and did in fact employ, physicians and surgeons to examine, treat, and care

13  for him, and has incurred and continues to incur expenses for emergent and other

14  medical services, treatment and care in an amount according to proof at trial.

15      40.    Plaintiff is entitled to and hereby demands costs, attorneys' fees, and

16  expenses pursuant to 42 U.S.C. § 1988.

17                    **FOR THE THIRD CAUSE OF ACTION**

18  **(By Plaintiff HENRY BILS, as Successor in Interest to Nicholas Bils, Deceased,**

19                  **Against Defendant DEPUTY AARON RUSSELL**

20               **for Violations of the Americans With Disabilities Act**

21                  **[42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7)]**

22      41.    Plaintiff restates and incorporates by reference the foregoing paragraphs of

23  this Complaint as if set forth in full at this point.

24      42.    This cause of action is brought on behalf of NICHOLAS BILS pursuant to

25  Title II of the Americans with Disabilities Act, and 42 U.S.C. § 12132, and 28 C.F.R.

26  §35.130(b)(7), to redress the unlawful conduct of DEPUTY RUSSELL, who at all times

27  relevant to the allegations herein alleged, acted under color of law as an agent of the San

28  Diego County Sheriff's Department in all of his interactions with NICHOLAS BILS.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

43.     Upon information and belief, prior to employing deadly force, which resulted in the fatal deputy involved shooting of NICHOLAS BILS, DEPUTY RUSSELL failed to comply with Title II of the Americans with Disabilities Act (hereinafter "ADA") in his pre-shooting encounter with NICHOLAS BILS who was a disabled individual, suffering from a mental illness and/or mental disability, and NICHOLAS BILS' disability was and would have been readily apparent to a reasonably trained peace officer faced with the totality of circumstances facing DEPUTY RUSSELL. Upon information and belief, as a person with a mental disability, NICHOLAS BILS was otherwise qualified to receive the benefit of specialized departmental resources within the Sheriff's Department which, upon information and belief, would have substantially reduced the likelihood of a violent encounter such as the deadly deputy involved shooting discussed herein. Upon information and belief, such departmental resources included, but were not limited to, specialized psychological evaluation ("PET") teams trained in field contacts with persons suffering from mental disabilities, and specially trained departmental personnel, including sworn deputies, trained in the techniques of tactical de-escalation, communication, and in the utilization of tactics and less lethal force options to overcome a suspect's resistance and/or flight that do not involve lethal force.

44.     Upon information and belief, Deputy AARON RUSSELL had the time and opportunity to assess the situation and potentially employ the accommodations, less lethal force options, and tactical de-escalation techniques referenced herein, and NICHOLAS BILS was otherwise qualified to participate in an receive the benefit of such departmental resources, but due the objective indicia of the symptoms and behavioral characteristics of NICHOLAS BILS' disability, DEPUTY RUSSELL deliberately and consciously chose to employ deadly force in his encounter with NICHOLAS BILS, notwithstanding the existence of several less lethal tactical considerations.

45.     Plaintiff is informed, believes, and thereupon alleges, that in unreasonably seizing the person of decedent NICHOLAS BILS, as described in the foregoing

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

paragraphs of this Complaint, Defendant DEPUTY RUSSELL acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive NICHOLAS BILS of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DEPUTY RUSSELL in an amount to be proven at the trial of this matter.

46.   As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY RUSSELL, decedent NICHOLAS BILS was shot and killed on May 1, 2020, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

47.   As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY RUSSELL, NICHOLAS BILS was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

48.   Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to the appropriate statutory provisions of the ADA.

## FOR THE FOURTH CAUSE OF ACTION

### (By Plaintiff HENRY BILS Against All Defendants for Wrongful Death

### [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])

### (Based on Battery)

49.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

50.   All claims asserted herein against the Defendant COUNTY are presented pursuant to the COUNTY's vicarious liability for acts and omissions of municipal

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1 employees undertaken in the course and scope of their employment pursuant to

2 California Government Code §§ 815.2(a) and 820(a).

3      51.    During the afternoon hours on May 1, 2020, Plaintiff's decedent,

4 NICHOLAS BILS, was located at or around the premises of the San Diego County Jail,

5 located at 1173 Front Street in the City and County of San Diego and State of

6 California. Plaintiff is informed, believe, and thereupon alleges that on the afternoon of

7 May 1, 2020, Defendant DEPUTY RUSSELL, while acting under color of law and in the

8 course and scope of his employment with the Defendant COUNTY and the San Diego

9 County Sheriff's Department, unjustifiably stopped and detained NICHOLAS BILS

10 without having probable cause or reasonable suspicion to believe that NICHOLAS BILS

11 had committed a crime, or would commit a crime in the future. Without warning,

12 Defendant DEPUTY RUSSELL proceeded to assault and batter NICHOLAS BILS, by

13 acts which included, but were not limited to, repeatedly and unjustifiably discharging his

14 department-issued firearm at the person of NICHOLAS BILS, inflicting multiple

15 gunshot wounds, which proved to be fatal.

16      52.    As a direct and proximate result of the above-mentioned conduct of

17 DEPUTY RUSSELL, NICHOLAS BILS was shot on May 1, 2020. After surviving for

18 an appreciable period of time following the shooting, NICHOLAS BILS died as a direct

19 and proximate result of the gunshot wounds inflicted upon his person by Defendant

20 DEPUTY RUSSELL.

21      53.    At no time during the course of these events did decedent NICHOLAS

22 BILS pose any reasonable or credible threat of death or serious bodily injury to

23 Defendant DEPUTY RUSSELL, nor did he do anything to justify the force used against

24 him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and

25 during the time in which he was fatally shot, NICHOLAS BILS was not armed with any

26 kind of weapon, and posed no reasonable or credible threat of death or serious bodily

27 injury to Defendant DEPUTY RUSSELL, nor to any other individual. Both prior to and

28 during the time in which he was shot dead, NICHOLAS BILS made no aggressive

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1 movements, no furtive gestures, and no physical movements which would suggest to a

2 reasonable peace officer that he was armed with any kind of weapon, or had the will, or

3 the ability to inflict substantial bodily harm against any individual. Both prior to and

4 during the time in which Defendant DEPUTY RUSSELL shot and killed NICHOLAS

5 BILS, DEPUTY RUSSELL, who fired, was not faced with any circumstances which

6 would have led a reasonable peace officer to believe that NICHOLAS BILS posed the

7 risk of death or serious bodily injury to any person.

8       54.    Plaintiff is informed, believes, and thereupon alleges, that in shooting

9 decedent NICHOLAS BILS, as described in the foregoing paragraphs of this Complaint,

10 Defendant DEPUTY RUSSELL acted outside the scope of his jurisdiction and without

11 authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard

12 and callous indifference to the known consequences of his acts and omissions, and

13 purposefully with the intent to deprive NICHOLAS BILS of his protected rights and

14 privileges, and did in fact violate the aforementioned rights and privileges, thereby

15 warranting punitive and exemplary damages against DEPUTY RUSSELL in an amount

16 to be proven at the trial of this matter.

17       55.    As a direct and proximate result of the above-described conduct of

18 Defendant DEPUTY RUSSELL, and the ensuing death of decedent NICHOLAS BILS,

19 NICHOLAS BILS's heir, the Plaintiff herein, has sustained substantial economic and

20 non-economic damages resulting from the loss of the love, companionship, comfort,

21 care, assistance, protection, affection, society, moral support, training, guidance,

22 services, earnings, and support of NICHOLAS BILS in an amount according to proof at

23 trial.

24       56.    As a further proximate result of the above-described conduct of

25 Defendant DEPUTY RUSSELL, and the ensuing death of decedent Nicolas Bils,

26 Plaintiff has incurred funeral and burial expenses in an amount according to proof at

27 trial.

28 / / /

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010.
(323)435-8205

**FOR THE FIFTH CAUSE OF ACTION**

**(By Plaintiff HENRY BILS Against All Defendants for**

**Wrongful Death [Cal. Gov't Code §§ 815.2(a), 820(a)])**

**(Based on Negligence)**

57.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

58.     All claims asserted herein against the Defendant COUNTY are presented pursuant to the COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

59.     During the afternoon hours on May 1, 2020, Plaintiff's decedent, NICHOLAS BILS, was located at or around the premises of the San Diego County Jail, located at 1173 Front Street in the City and County of San Diego and  State of California. Plaintiff is informed, believe, and thereupon alleges that on the afternoon of May 1, 2020, Defendant DEPUTY RUSSELL, while acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the San Diego County Sheriff's Department, unjustifiably stopped and detained NICHOLAS BILS without having probable cause or reasonable suspicion to believe that NICHOLAS BILS had committed a crime, or would commit a crime in the future. Without warning, Defendant DEPUTY RUSSELL proceeded to negligently discharge his department-issued firearm at the person of NICHOLAS BILS, inflicting multiple gunshot wounds, which proved to be fatal. After a significant and appreciable period of time had passed following the shooting, NICHOLAS BILS died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by Defendant DEPUTY RUSSELL.

60.     Plaintiff is informed and believes, and thereupon alleges, that on and before May 1, 2020, Defendant DEPUTY RUSSELL had a duty to exercise the reasonable and ordinary care which would be expected of a similarly situated peace officer in the use of

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and procedures in approaching and/or attempting to detain civilians and suspects who do not pose a risk of death or serious bodily injury to any person. Notwithstanding each of these duties, based on the totality of circumstances he faced, Defendant DEPUTY RUSSELL failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to: negligently failing to utilize additional departmental resources during the incident involving NICHOLAS BILS, negligently failing to utilize available forms of cover during the incident involving NICHOLAS BILS, negligently failing to communicate and/or effectively communicate with departmental personnel on scene and other departmental personnel and resources during the incident involving NICHOLAS BILS, negligently failing to utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving NICHOLAS BILS, negligently failing to utilize and/or appropriately utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving NICHOLAS BILS, negligently failing to deescalate the situation involving NICHOLAS BILS,  employing a tactical response during the incident involving NICHOLAS BILS that resulted in the unnecessary and preventable shooting of NICHOLAS BILS, negligently failing to determine the fact that Plaintiff posed no immediate threat to the safety of any person when he was shot, negligently inflicting physical injury upon NICHOLAS BILS, as described herein, and negligently employing deadly force against NICHOLAS BILS when the same was unnecessary and unlawful. All of these negligent acts proximately caused NICHOLAS BILS's death on May 1, 2020.

61.    As a proximate result of the above-described conduct of the Defendants, and each of them, NICHOLAS BILS, was shot and killed on May 1, 2020.

62.    As a direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of decedent NICHOLAS BILS,

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Plaintiff has sustained substantial non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and support of NICHOLAS BILS in an amount according to proof at trial.

63.   As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of decedent NICHOLAS BILS, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

**FOR THE SIXITH CAUSE OF ACTION**

**(By Plaintiff HENRY BILS, as Successor in Interest to NICHOLAS BILS, Deceased, Against Defendant DEPUTY RUSSELL for Violations of Civil Rights [Cal. Civ. Code § 52.1]**

64.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

65.   This cause of action is brought on behalf of NICHOLAS BILS to redress the privileges and immunities afforded to him under Section 52.1 of the California Civil Code.

66.   Upon information and belief, in employing deadly force as alleged in the foregoing paragraphs of this Complaint, DEPUTY RUSSELL acted with the specific intent to use more force than was objectively reasonable and necessary under the totality of circumstances facing him, thereby entitling HENRY BILS, as Successor in Interest to Henry Bils, to relief under Section 52.1 of the California Code of Civil Procedure.

67.   As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY RUSSELL, decedent NICHOLAS BILS was shot and killed on May 1, 2020, and, suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

68.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY RUSSELL, NICHOLAS BILS was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

69.     Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to Cal. Civ. Code §52.1.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     For general and special damages in an amount according to proof at trial;

2.     For medical and related expenses according to proof at trial;

3.     For costs of suit incurred herein;

4.     For attorneys' fees incurred herein, as provided by law;

5.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.     For such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: October 20, 2020          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By: /s/ Brian T. Dunn
                    BRIAN T. DUNN
                    EDWARD M. LYMAN
                    Attorneys for Plaintiff, HENRY BILS

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

19

**DECLARATION OF HENRY BILS**

1.    The decedent's name who is the subject of this action for wrongful death is NICHOLAS BILS.

2.    On Friday, May 1, 2020, NICHOLAS BILS lost his life in a deputy involved shooting occurring at or around the premises of the San Diego County Jail, located at 1173 Front Street, in the City and County of San Diego.

3.    No proceeding is now pending in California for the administration of the decedent's estate.

4.    I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.    No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   October 20, 2020

HENRY BILS

CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 3/05)

STATE FILE NUMBER — 3202037008483 — LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) | | |
|---|---|---|---|---|
| NICHOLAS | PETER | BILS | | |

| AKA, ALSO KNOWN AS— Include full AKA (FIRST, MIDDLE, LAST) | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX |
|---|---|---|---|---|---|
| | 03/15/1984 | 36 | | | M |

| 8. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP (at time of death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| CA | UNKNOWN | YES [X] NO UNK | NEVER MARRIED | 05/01/2020 | 1819 |

| 13. EDUCATION—Highest Level/Degree (See worksheet on back) | 14/15. WAS DECEDENT HISPANIC/LATINO/a/SPANISH? (If yes, see worksheet on back) | 16. DECEDENT'S RACE — Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| UNKNOWN | YES / [X] NO | CAUCASIAN |

| 17. USUAL OCCUPATION—Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| NEVER WORKED | - | |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 2365 VANCOUVER AVE |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| SAN DIEGO | SAN DIEGO | 92104 | 36 | CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| KATHLEEN BILS, MOTHER | 2365 VANCOUVER AVE, SAN DIEGO, CA 92104 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| - | - | - |

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| KATHLEEN | MARIE | BARNES | MD |

**FUNERAL DIRECTOR AND LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION | | |
|---|---|---|---|
| 05/12/2020 | HOLY CROSS CEMETERY 4470 HILLTOP DR, SAN DIEGO, CA 92102 | | |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CR/BU | ▶ NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| AMERICAN CREMATION SERVICE | FD1752 | ▶ WILMA J WOOTEN, MD MPH | 05/11/2020 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|---|
| UCSD MEDICAL CENTER | | IP [X] ER/OP DOA | Hospice / Nursing Home/LTC / Decedent's Home / Other |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| SAN DIEGO | 200 WEST ARBOR DRIVE | SAN DIEGO |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Time interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) MULTIPLE GUNSHOT WOUNDS | | RAPID | [X] YES NO |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (B) | | | (AT) 20-01165 |
| (C) | | | *09. BIOPSY PERFORMED? YES [X] NO |
| (D) | | | *10. AUTOPSY PERFORMED? [X] YES NO |
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 NONE | | | 111. USED IN DETERMINING CAUSE? [X] YES NO |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) NO | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES NO UNK |
|---|---|

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Deceased Attended Since ___ Deceased Last Seen Alive ___ (A) mm/dd/ccyy (B) mm/dd/ccyy | 115. SIGNATURE AND TITLE OF CERTIFIER ▶ | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | | |

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH ☐ Natural [X] Accident ☐ Homicide ☐ Suicide ☐ Pending Investigation ☐ Could not be determined | 120. INJURED AT WORK? YES [X] NO UNK | 121. INJURY DATE mm/dd/ccyy 05/01/2020 | 122. HOUR (24 Hours) 1751 |
|---|---|---|---|
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) STREET | | | |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) SHOT BY ON DUTY LAW ENFORCEMENT OFFICER(S) |
|---|
| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) 1100 BLOCK OF FRONT STREET, SAN DIEGO, CA 92101 |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER ▶ JAGBIR KHANGURA MD | 127. DATE mm/dd/ccyy 05/08/2020 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER JAGBIR KHANGURA MD, DEP. MED. EXAMINER |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | FAX AHF# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

"01001004530494"

County of San Diego —Health & Human Services Agency — 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. This copy not valid unless prepared on engraved border displaying seal and signature of Registrar



DATE ISSUED: 10/19/2020

WILMA J. WOOTEN, M.D., M.P.H.
REGISTRAR OF VITAL RECORDS
County of San Diego

A003734699

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

