THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By MELISSA M. HOLMES, Senior Deputy (State Bar No. 220961)
     JENNIFER M. MARTIN, Deputy (State Bar No. 322048)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5836; Fax: (619) 531-6005
E-mail: melissa.holmes@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BILS, individually and as Successor in Interest to NICHOLAS BILS, deceased,<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF SAN DIEGO, a municipal entity, Deputy AARON RUSSELL, an individual, and DOES 1 through 10, inclusive,<br><br>            Defendants. | NO. 20-CV-2069-H-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF CRIMINAL PROSECUTION**<br><br>Date: December 21, 2020<br>Time: 10:30 a.m.<br>Courtroom: 15A<br>Judge: Hon Marilyn L. Huff |

## I.      INTRODUCTION

Defendant County of San Diego ("County") respectfully requests that the Court stay this case until the resolution of the currently pending state court criminal prosecution against, Defendant Aaron Russell ("Russell").  The related state court case, San Diego Superior Court Case No. CD286474, *People v. Aaron Russell,* is a criminal prosecution of Russell, a former Sheriff's deputy, arising from the same May 1, 2020, shooting incident at issue in this lawsuit.

A stay is necessary because the outcome of the underlying criminal case may control the outcome of this action and a stay is in the interest of judicial economy.  The elements of the crime charged in the criminal matter, and Russell's defense in the criminal case, necessarily involve overlapping issues with those in this case (i.e., the lawfulness of the shooting).  Russell's anticipated defense in that action is that his actions were reasonable, necessary, and did not constitute unlawful force.  In order to prove excessive force under Section 1983 in this action, Plaintiff must show that the force used was unreasonable.  Thus, the criminal prosecution and this action both involve overlapping legal issues involving identical events.

Further, given the pending criminal proceedings and related criminal investigation the County and Plaintiff will be impaired in conducting discovery on this action.  Russell may invoke the Fifth Amendment due to the criminal proceedings.  Further, the parties in this action will likely be unable to obtain the San Diego Police Department Homicide files and San Diego District Attorney investigation files concerning the incident since the criminal prosecution is ongoing and the criminal investigation is likely still ongoing.

A stay is further warranted since, if the Court does not stay the case, the parties will be required to fully litigate this matter, wasting the Court and the parties' resources, when the entire case, or at least major issues in the case, may be resolved in the criminal action.  Thus, a stay will promote judicial economy by clarifying and simplifying issues, and will save the parties and this Court both time and effort.  The County therefore respectfully requests a stay of this entire action and all pending deadlines until the final resolution of the criminal prosecution against Russell.

## II.   THE RELATED ACTIONS

As described below, the actions involve the same event and identical factual and legal issues.

<u>The 42 U.S.C. § 1983 Case (This Case):</u>

In the instant action, Plaintiff alleges that on May 1, 2020, Russell, who was on duty and "acting under color of law" as a San Diego County Sheriff's Deputy used

excessive force by unlawfully detaining and shooting decedent, Nicholas Bils.  ECF No. 1, Compl. ¶10.  Nicholas Bils later died from the gunshot wounds.  *Id.* ¶ 11.  Plaintiff Henry Bils, who claims he is Nicholas Bils' father, alleges numerous state and federal causes of action all based on these same events.  In an excessive force case under Section 1983, Plaintiff is required to prove that a law enforcement officer's use of force was unreasonable or excessive.  Ninth Cir. Manual of Model Civil Jury Instructions, Nos. 9.25, 9.26, 9.29.  In his state law causes of action based on the shooting, plaintiff cannot prevail if the force used was necessary.  Cal. Penal. Code § 835a.

The Criminal Case (San Diego Superior Court Case No. CD286474, *People v. Aaron Russell*):

      The currently pending California Superior Court case, San Diego Superior Court Case No. CD286474, *People v. Aaron Russell* (the criminal action), also involves the May 1, 2020 shooting of Nicholas Bils by Russell.  In that criminal action, Russell is charged with murder, violation of Penal Code section 187(a).  Request for Judicial Notice [RJN], Exhibit 1, Felony Complaint filed July 13, 2020.   The criminal action is pending.  RJN, Exhibit 2, July 24, 2020 Felony Minutes.  The preliminary hearing in the criminal matter is currently scheduled for January 25, 2021.  *Id.*

      The charge in the criminal action requires a finding that Russell unlawfully killed Bils, and that the killing was not justified.  CALCRIM No. 507. Justifiable Homicide: By Peace Officer; Exhibit 1, Felony Complaint.  A killing by a law enforcement officer is justified under California Penal Code section 196 if the force was necessary.

### III. A STAY IS WARRANTED WHEN THE RESOLUTION OF INDEPENDENT PROCEEDINGS BEAR ON THE UNDERLYING CASE

      This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997); *Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08CV1521 AJB WVG, 2013 WL 4716202, at *2 (S.D. Cal. Sept. 3, 2013).

1    For the sake of judicial economy, the Court may stay a case pending the outcome of other legal proceedings that will impact the outcome of a case. *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863–64 (9th Cir. 1979). The Court's discretion to stay the case is appropriately used when the resolution of another matter will have a direct impact on the issues before the court, substantially simplifying issues presented. *Mediterranean Enters. v. Ssangyong Corp.,* 708 F.2d 1458 (9th Cir. 1983); *San Diego Padres Baseball P'ship v. United States,* 2001 WL 710601, at *1 (S.D. Cal. May 10, 2001). "A stay may be the most efficient and fairest course when there are 'independent proceedings which bear upon the case.'" *Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Elec. Arts, Inc.*, No. C 11-04897 JW, 2012 WL 219428, at *1 (N.D. Cal. Jan. 24, 2012).

In determining whether to stay the case, a court "must weigh competing interests and maintain an even balance." *Landis v. North American Co.,* 299 U.S. 248, 254–55 (1936). These competing interests include: (1) the possible damage that may result from a stay; (2) the hardship or inequity a party may suffer if required to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall* (*"CMAX"*), 300 F.2d 265, 268 (9th Cir. 1962). A stay should not be ordered if it "will work damage to someone else," unless the moving party can show "hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007). A longer stay requires a greater showing but is appropriate as long as the other proceedings will be concluded "within a reasonable time." *Id.* at 1066 (cite omitted).

A stay in a Section 1983 case is justified when the civil case is based on the same events as a criminal prosecution. This is because of the potential applicability of both the *Younger* abstention doctrine and the potential for a *Heck* bar arising from a criminal conviction. *See Quesada v. City of Antioch,* No. C 08–1567 JL, 2008 WL 4104339 (N.D.Cal. Aug. 29, 2008) (finding *Younger* abstention justified stay of civil action when criminal proceeding was pending on same events); *Beets v. County of Los Angeles*, 669

F.3d 1038, 1040 (9th Cir. 2012) (finding criminal prosecution of third party could raise *Heck* bar in Section 1983 action arising from same events); *Stoddard–Nunez v. City of Hayward*, No. .: 3:13–cv–4490 KAW, 2013 WL 6776189 (N.D. Cal. 2013) (granting stay based on *Heck* and *Younger* in officer involved shooting pending resolution of murder prosecution).

### IV.   THE INTERESTS IN THIS CASE WEIGH HEAVILY IN FAVOR OF A STAY

Staying this case will: (1) promote judicial economy and save the parties substantial resources; and (2) not result in an excessive delay or prejudice to Plaintiff.

#### A.   Staying the Case Will Promote Judicial Economy Because the Outcome of the Criminal Action May Completely Resolve This Action.

This action and the criminal action involve identical factual and legal issues. If Russell is convicted in the criminal action, he may be precluded from bringing some or all of the defenses that could be alleged in this action. Further, if a jury finds that the shooting was justified as necessary under California Penal Code section 196, that finding may have a collateral estoppel effect on this action as well.

In *Wallace v. Kato*, 549 U.S. 384, 394 (2007), the United States Supreme Court stated that if a Section 1983 case is related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the court, and "in accord with common practice," to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* at 1098. If the outcome of the criminal matter does not require dismissal of the Section 1983 action, the case may proceed after the resolution of the criminal action absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

In this case, Plaintiff's Section 1983 claim and his related civil claims are premised upon Russell's allegedly unlawful use of force. This claim is related to rulings that will likely be made in the upcoming criminal trial. The prosecution is proceeding on the

theory that the shooting of Bils by Russell was not legally justified.  RJN, Exhibit 1, Felony Complaint.  An element of this crime requires the People to prove that the peace officer was not using necessary force.  CALCRIM No. 507. Justifiable Homicide: By Peace Officer.  However, if a jury finds that Russell's force was necessary, then Plaintiff's state law claims will fail.  Also, if the force was necessary it will also be found to be reasonable under the Fourth Amendment which will impact Plaintiff's Section 1983 claims.  Thus, the legal issues in the criminal and civil cases overlap.  As such, this Court should embrace the "common practice" discussed *Wallace v. Kato* and exercise its discretionary authority to stay this case in its entirety during the pendency of the parallel state criminal proceedings.  *See, e.g., al, Valdez v. Leeds,* No. 117CV00430LJOSAB, 2019 WL 4138945, at *8 (E.D. Cal. Aug. 30, 2019) (staying section 1983 action that had parallel criminal proceedings); *Combs v. Ribac,* No. 317CV02381WQHBGS, 2018 WL 1185266, at *4 (S.D. Cal. Mar. 7, 2018) (same); *Felts v. Myers*, No. 15-CV-1272-AJB-NLS, 2016 WL 7735232, at *2 (S.D. Cal. Nov. 9, 2016), *report and recommendation adopted*, No. 15-CV-1272-AJB-NLS, 2017 WL 118598 (S.D. Cal. Jan. 11, 2017) (same).

   Staying this case will avoid expenditure of substantial resources.  If this case is not stayed, the County will need to prepare and file appropriate responses to the pleadings and begin to conduct discovery and retain numerous experts while the parallel criminal action proceeds.  The Court would need to address appropriate challenges to the pleadings and other discovery-related issues.  This is not a prudent or economical expenditure of resources since the outcome of the criminal action could make all of this litigation unnecessary.  Further, discovery will be impaired while the criminal action is proceeding.   Russell is likely to invoke the Fifth Amendment which will prevent the County and the Plaintiff from completing necessary discovery from a party in this matter.  Further, the District Attorney and the San Diego Police Department both have conducted investigations into the shooting which are not likely to be released to the parties in the civil lawsuit prior to the resolution of the underlying criminal action.  Thus, the interests of economy is in favor of a stay in this action.

B. **Staying the Case Will Not Result in an Unreasonably Long Delay or any Prejudice to Plaintiff.**

As shown above, staying this case would promote judicial economy and save the parties and Court substantial time, effort, and resources. The stay sought is also limited in time, will not result in an unreasonably long delay, and will not prejudice Plaintiff. The moving party has reached out to Plaintiff' counsel to discuss this motion for a stay. Plaintiff's counsel did not voice an objection to this motion, though he has indicated he is not willing to join it.

The stay sought here is not excessive. The incident occurred less than seven months ago. Plaintiff's criminal case is likely to proceed to trial within a year. RJN, Exhibit 2 (setting preliminary hearing for January 2021). Even if the date of the criminal trial moved out further, the stay sought would not be significant as Plaintiff's criminal action is still likely to be resolved well before two years have passed since the incident occurred. Given that many Section 1983 use of force cases are not even filed until nearly two years after the incident, a stay that is likely to be lifted *before* this time is not excessive. Further, given the nature of the charges in the criminal action and the likely depth of those investigations into the events, there is no substantial likelihood that evidence will be lost due to the stay.

Finally, Plaintiff will not suffer damage, hardship, or inequity from a stay. *CMAX*, 300 F.2d at 268. Staying the case will not prejudice Plaintiff as Plaintiff is primarily seeking a financial award. ECF No. 1, Compl. p. 19 (requesting monetary damages in prayer). Plaintiff's is not claiming any continuing constitutional violations or harms that this suit seeks to address. Rather the stay would cause Plaintiff, at most, to experience a delay in resolving his claim for monetary damages.

A delay in obtaining monetary damages is not a basis for denying a stay request. "[M]ere delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson v. Mars Inc.*, 2014 WL 6986421 at *3, citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-1112 (9th Cir. 2005); *also see CMAX*, 300 F.2d at 268-69 (holding that a stay was

appropriate when the party opposing the stay sought only monetary damages and did not allege continuing harm or seek injunctive or declaratory relief).  As Plaintiff's interest in resolution is financial and this is insufficient to show prejudice, a stay is appropriate.

## V.  CONCLUSION

The Court should stay this action until the criminal prosecution arising from the same incident is resolved.   The stay is appropriate as the case involves identical issues and, as a result, a stay of this matter will result in the conservation of judicial resources as the outcome of the criminal matter may resolve this action.  Further, a stay will not result in substantial delay and will not prejudice the Plaintiff.  For all these reasons, the County respectfully requests that the Court stay this action.

DATED: November 17, 2020              THOMAS E. MONTGOMERY, County Counsel

By: s/JENNIFER M. MARTIN, Deputy
Attorneys for Defendant County of San Diego